IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| EVELYN GREEN, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:09-CV-100 (CDL) |
| | : | Social Security Appeal |
| MICHAEL ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for a period of disability and disability insurance benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court's role in reviewing claims brought under the Social Security Act is

a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973) (per curiam). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1, *et seq*.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. 20 C.F.R. § 404.1520, app. 1, pt. 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

### ISSUES

I. **Whether the ALJ erred in failing to fully develop the record, where there was evidence of debilitating pain, and medically determinable impairments of degenerative disc disease and lupus, however the ALJ rejected the only evaluating source opinion in the record and did not seek a consultative evaluation.**

II. **Whether the ALJ committed reversible error in failing to consider the claimant's subjective complaints in accordance with *Holt* and SSR 96-7p.**

**Administrative Proceedings**

Claimant filed her initial applications for disability, disability insurance, and Supplemental Security Income benefits on October 14, 2005. (T-54-56). Claimant alleged a disability onset date of September 2, 2005, due to a pulled muscle in her back which caused pain and difficulty standing and bending. (T-63).[2] In addition to back and leg pain, Claimant later alleged that she was suffering from high blood pressure, bronchitis, and "trouble with [her] hand" that she believed was carpal tunnel syndrome. (T-73, 76). Her applications were denied initially and upon reconsideration. (T-21-22; 33-36; and 39-42). Plaintiff timely filed a request for a hearing, and on January 5, 2009, a video hearing was held. In addition to Claimant's testimony, the ALJ heard testimony from vocational expert Richard M. Smith and Meta Watkins, a friend of Claimant's. (T-202-04). On February 12, 2009, the ALJ entered an unfavorable ruling (T-15-19), and the Appeals Council subsequently denied Claimant's request for review (T-3). This appeal followed.

**Statement of Facts and Evidence**

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant met the insured status requirements of the Social Security Act through December 31, 2008 and that Claimant had not engaged in substantial gainful activity since September 2, 2005. (T-17). The ALJ also concluded that Claimant had severe, medically determinable impairments of degenerative disc disease and hypertension, but that

---

[2]In her Disability Report, Claimant noted that she had actually stopped working approximately a year earlier to care for her mother. (T-63).

these impairments—or any combination of her impairments—did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* The ALJ next found that Claimant had the residual functional capacity to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (T-18). Because Claimant's past relevant work as a fast food worker and a hotel housekeeper was classified by the VE as light work, the ALJ determined that Claimant could perform her past relevant work with this RFC. (T-19). Accordingly, the ALJ concluded that Claimant had not been under a disability, as defined in the Social Security Act, from her alleged onset date through the date of the decision. *Id.*

## DISCUSSION

**I.    Whether the ALJ erred in failing to fully develop the record, where there was evidence of debilitating pain, and medically determinable impairments of degenerative disc disease and lupus, however the ALJ rejected the only evaluating source opinion in the record and did not seek a consultative evaluation.**

Claimant first contends that the ALJ ignored his obligation to develop a full and fair record by rejecting an evaluating source opinion provided by Dr. Linker and by failing to seek a consultative evaluation. "Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam). In order to be considered "full and fair," the record must be "sufficient for the ALJ to evaluate [the claimant's] impairments and functional ability" and must be devoid of "evidentiary gaps which result in unfairness or

'clear prejudice.'" *Id.* at 1422, 1423. The likelihood of unfair prejudice may arise when any evidentiary gap supports a claimant's allegations of disability. *Robinson v. Astrue*, No. 09-12472, 2010 WL 582617, at *6 (11th Cir. Feb. 19, 2010) (per curiam).

This fundamental obligation to develop a full and fair record may involve requiring a consultative examination of the claimant. *See Smith v. Bowen,* 792 F.2d 1547, 1551 (11th Cir. 1986); *Reeves v. Heckler,* 734 F.2d 519, 522 n.1 (11th Cir. 1984) (per curiam). "Consultative examinations are not required by statute, but the regulations provide for them where warranted." *Smith*, 792 F.2d at 1551; 20 C.F.R. § 404.1517. Regulations provide that a consultative examination is usually required when:

> (1) The additional evidence needed is not contained in the records of your medical sources;
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source;
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or
> (5) There is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your impairment is not established.

20 C.F.R. § 404.1519a(b). An ALJ may commit reversible error where he chooses not to order a consultative examination when such an examination is deemed necessary "to make an informed decision." *Reeves,* 734 F.2d at 522 n.1.

In this case, the record is insufficient to permit the ALJ to make an informed decision

regarding whether Claimant was in fact disabled, *i.e.,* unable to perform her past relevant work. *See Johnson v. Barnhart*, 138 F. App'x 266, 271 (11th Cir. 2005) (noting that remand for further record development may be required where, "[c]onsidering the medical records as a whole, it is not clear what level of work, if any, [a claimant] would be able to perform"). The record is devoid of a statement from any *examining* physician who evaluated Claimant's condition and its effect on the types of work activity she could or could not perform. *See Spencer on Behalf of Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985) (per curiam) ("[T]o attempt to evaluate disability without personal examination of the individual and without evaluation of the disability as it relates to the particular person is medical sophistry at its best." (internal quotation marks omitted)). Dr. Gail Hurley, who would likely be considered Claimant's treating physician, apparently declined to fill out an RFC form for Claimant. (T-189); *see also* 20 C.F.R. § 404.1519a(b)(2) (noting that a consultative evaluation may be necessary when "[t]he evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source"). Dr. Linker, a physician who examined Claimant once, likewise declined to complete an RFC form (T-189); however he did complete a medical source statement in which he stated it was "unknown" when Claimant would be able to return to employment. (T-173). While this statement is not a definitive opinion regarding Claimant's ability to work, it is at least susceptible of the interpretation that Claimant's condition may preclude her from work. *See* 20 C.F.R. § 404.1519a(b)(4)

(noting that a consultative evaluation may be necessary when "[a] conflict, inconsistency, ambiguity, or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source").[3]  Finally, although the record contains RFC assessments performed by state agency physicians, these opinions, standing alone, cannot constitute substantial evidence in support of the ALJ's decision because they were performed by non-treating, non-examining physicians.  *See, e.g., Spencer*, 765 F.2d at 1094 ("[R]eports of physicians who do not examine the claimant, taken alone, do not constitute substantial evidence on which to base an administrative decision."); *Johnson*, 138 F. App'x at 271.

Moreover, while remand is not necessary unless "the record reveals evidentiary gaps which result in unfairness or 'clear prejudice,'" *Graham*, 129 F.3d at 1423, such gaps exist in this case.  For example, despite Claimant's testimony that she struggled with tasks from her previous employment that required manual dexterity, (*see, e.g.,* T-197-98), there appears to be no evidence in the record, other than the RFC assessments conducted by non-treating, non-examining state agency physicians, addressing this issue.  *See Johnson*, 138 F. App'x at 271 (finding that record was not sufficiently developed to permit ALJ to make RFC determination because RFC evaluation from non-treating, non-examining physician could not be considered dispositive, "and the other medical records express no indication of [the

---

[3]The court agrees with Respondent, however, that Dr. Linker's opinion should not be afforded special deference, as he could not be considered Claimant's treating physician.  "A treating source is defined as the claimant's own physician or psychologist who has provided the claimant with medical treatment or evaluation, and who has had an ongoing relationship with the claimant." *Robinson*, 2010 WL 582617, at *3.

claimant's] ability to perform her past work"). It is also notable that in response to questioning from the ALJ during the hearing, Claimant's counsel requested that the ALJ "refer [Claimant] for a consultative exam to address the questions that the court has identified that need further clarification." (T-201).

In sum, while it is true that the ultimate determination of whether a claimant is disabled is left to the ALJ, *see* 20 C.F.R. § 404.1527(e), the state of the record in this case is such that the ALJ could not have made an informed decision regarding Claimant's disability without a consultative evaluation. Remand is therefore warranted.

## II. Whether the ALJ committed reversible error in failing to consider the claimant's subjective complaints in accordance with *Holt* and SSR 96-7p.

Because remand of this case is recommended, the court does not have to consider whether the ALJ also erred in failing to properly consider Claimant's subjective complaints in accordance with the Eleventh Circuit case of *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam), and Social Security Regulation 96-7p. Nevertheless, it should be noted that the ALJ in this case did not cite or refer to the Eleventh Circuit's pain standard, SSR 96-7p, or any other applicable law or regulations dealing with the assessment of a claimant's symptoms. Of course, such express references are not necessarily required so long as the ALJ's "findings and discussion indicate that the standard was applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002) (per curiam); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam) (noting that the "[t]he credibility determination does not need to cite particular phrases or formulations" (internal quotation

marks omitted)). However, it is difficult to tell from the ALJ's brief discussion of Claimant's subjective symptoms whether the ALJ properly applied the standard. *See Dyer*, 395 F.3d at 1211 (noting that the credibility determination "cannot merely be a broad rejection which is not enough to enable [the district court . . . ] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole") (internal quotation marks omitted) (first alteration in original)). Accordingly, the ALJ may wish to revisit his discussion of Claimant's pain and other symptoms and more clearly articulate his application of the pain standard upon remand.

**WHEREFORE**, it is the recommendation to the United States District Judge that this case be **REMANDED**. Pursuant to 28 U.S.C. § 636(b)(1), the Commissioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 31st day of March, 2010.

                                S/G. MALLON FAIRCLOTH
                                UNITED STATES MAGISTRATE JUDGE
mkw